[Civ. No. 1842. First Appellate District.—February 20, 1917.]

## FRED W. LAKE, Respondent, v. STERLING DEVELOPMENT COMPANY (a Corporation), et al., Appellants.

SCHOOL LANDS—PURCHASE UNDER ACT OF 1868—FORFEITURE—DECISION UPON AUTHORITY.—In this action, wherein the plaintiff sought and secured a judgment quieting his title to certain lands claimed to be owned by him under a certificate of purchase of state school lands issued to his assignor in the year 1869, it is held that the judgment and order denying a new trial must be reversed upon the authority of *Aikins* v. *Kingsbury,* 170 Cal. 674, which involved identical issues.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are similar to those stated in the opinion of the court in the case of *Aikins* v. *Kingsbury,* 170 Cal. 674.

Jesse Olney, for Appellants.

B. M. Aikins, R. P. Henshall, and Luther Elkins, for Respondent.

LENNON, P. J.—In this action the plaintiff sought and secured a judgment quieting his title to certain lands claimed to be owned by him under a certificate of purchase of state school lands issued to his assignor in the year 1869. The court denied a motion of the defendant Sterling Development Company for a new trial, and this appeal is from the judgment and order.

The primary points presented in support of the appeal are covered and controlled, we think, by the recent decision of our supreme court in the *mandamus* proceeding of *Aikins* v. *Kingsbury*, 170 Cal. 674, [151 Pac. 145]. In that proceeding it appears that the plaintiff in this action had granted a portion of the identical lands here involved to the petitioner therein, who sought by writ of mandate to compel the register of the land office of the state to issue a patent thereon. The essential features of the appeal in that case and in this are the same. The certificate there held to be forfeited is the identical certificate that the plaintiff herein claims under, and the issues raised in this case are identical with those raised in that. It is urged, however, by the appellants that the question of the annulment by foreclosure of the certificate under which respondent claims, and which question is referred to in *Aikins* v. *Kingsbury, supra*, but not there decided, be disposed of by us. A decision as to the validity or invalidity of that judgment was not deemed necessary in *Aikins* v. *Kingsbury*, nor do we deem it necessary here. It will suffice, we think, for us to say that the judgment and order appealed from should be reversed upon the authority of *Aikins* v. *Kingsbury*, and it is so ordered.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1917.